70 F.3d 113
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James PEOPLES, Defendant-Appellant.
 No. 94-5843.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 3, 1995.
Decided Nov. 14, 1995.
 
 Andrew Robert Pauley, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 Before WILKINS, MICHAEL, and MOTZ, Circuit Judges.
 Affirmed by unpublished per curiam opinion.
 OPINION
 PER CURIAM:
 
 
 1
 James Peoples was convicted of possession with intent to distribute cocaine base, in violation of 21 U.S.C. Sec. 841(a) (1988). The evidence presented by the Government showed that on April 7, 1994, four officers responded to a call that shots were fired in an area of Charleston, West Virginia. Upon arriving at the scene, the officers approached four men who appeared to be walking together. When one officer stepped out of her car to speak to the men, one of the men, Peoples, started to run.
 
 
 2
 Patrolman Van Armstrong pursued Peoples and observed him round a corner and enter an alley. There, Armstrong saw Peoples attempt to throw a plastic bag containing chunky material up on a roof. The bag missed the roof and fell back down into the alley. Peoples then stumbled and fell. Armstrong handcuffed Peoples and recovered the plastic bag, containing what appeared to be cocaine base.
 
 
 3
 Armstrong secured the bag in his pocket and walked back to his cruiser where he encountered another officer, who watched as Armstrong searched Peoples. During the search, Armstrong recovered two more "rocks" of what appeared to be cocaine base, thirty-one dollars, and a telephone pager.
 
 
 4
 An expert testified on behalf of the Government that the "rocks" recovered from the bag and from Peoples totalled 19.7 grams of cocaine base. Although he admitted that every individual rock was not tested, he testified that the appearance of the substance and the fact that three rocks tested positive as cocaine base led him to believe that the entire substance was cocaine base. Another government expert testified that the amount of cocaine base seized from Peoples was inconsistent with personal use. Further, Eric Straughter testified that he had purchased crack cocaine from Peoples on March 24, 1994 and on another occasion approximately one month prior to that date.
 
 
 5
 Peoples was convicted by a jury, and the district court sentenced him to ten years in prison, a fine of $6000, eight years of supervised release, and a $50 special assessment. Peoples raises various challenges to the conduct of his trial and sentencing. For the reasons that follow, we affirm.
 
 
 6
 Peoples alleges that the jury panel from which his jury was drawn did not represent a fair cross-section of the community, because it did not contain any African-Americans. To establish a prima facie fair cross-section violation, Peoples must show that the underrepresentation of African-Americans was due to systematic exclusion in the jury-selection process. Duren v. Missouri, 439 U.S. 357, 364 (1979); United States v. Espinoza, 641 F.2d 153, 168 (4th Cir.), cert. denied, 454 U.S. 841 (1981). Peoples contends only that, absent exclusion, African-Americans would have been represented. Proof of under-representation in a particular panel or venire is not sufficient. The Constitution requires only that the cross-section is gathered without active discrimination. United States v. Cecil, 836 F.2d 1431, 1445 (4th Cir.) (in banc), cert. denied, 487 U.S. 1205 (1988). Because Peoples has made no showing of active discrimination, the claim is meritless.
 
 
 7
 On the second day of trial, a juror asked to speak to the district court. The court convened a hearing, where the juror testified that upon seeing Straughter, she realized that he and Peoples had both attended her high school. She stated that they were all in different grades and that she did not know either of them, except by sight. Finally, the juror stated that she would able to render a fair and impartial verdict. Without objection by the defense, the court permitted the juror to remain on the jury. Peoples argues that this ruling was reversible error.
 
 
 8
 A trial judge's decision to remove a juror is reviewed only for abuse of discretion. See United States v. Rigsby, 45 F.3d 120, 125 (6th Cir.), cert. denied, 63 U.S.L.W. 3833 (U.S.1995). We find no abuse of discretion here. First, defense counsel never requested that the court take any action and did not move for a mistrial. Second, the juror was not accused of misconduct and was not subject to extraneous influences. Finally, the juror testified that she could remain impartial. Accordingly, this issue lacks merit.
 
 
 9
 Peoples contends that his trial was unfairly prejudiced when the court held a revocation hearing regarding his supervised release prior to his trial. However, the only prejudice Peoples points to is that he did not present a defense at his revocation hearing in order to avoid potential prejudice at his trial. Such a claim is not cognizable in an appeal from his conviction and should have been presented on appeal from the revocation of his supervised release. Because the record does not disclose any prejudice to Peoples at his trial due to the scheduling of his revocation hearing, this claim is frivolous.
 
 
 10
 Peoples challenges the sufficiency of the evidence supporting his conviction. "To sustain a conviction the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir.1993); see also Glasser v. United States, 315 U.S. 60, 80 (1942). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982).
 
 
 11
 Peoples complains that Armstrong and Straughter were not credible witnesses and that their testimony contradicted other government witnesses. However, the credibility of witnesses is within the sole province of the finder of fact and generally is unreviewable on appeal. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989).
 
 
 12
 Regarding Peoples's assertion that insufficient evidence supports the conclusion that he intended to distribute the crack cocaine found in his possession, "intent to distribute the controlled substance can be inferred if the quantity is larger than what normally would be consumed for personal use." United States v. Wright, 991 F.2d 1182, 1187 (4th Cir.1993); see also United States v. Bell, 954 F.2d 232, 235 (4th Cir.1992) (thirteen plus grams of crack was a sufficient quantity to support an inference of intent to distribute). In this case, nearly twenty grams of crack cocaine were found in Peoples's possession. An expert testified that, in his experience, the amount of crack cocaine Peoples possessed was a greater quantity than someone would have for personal use, and Straughter testified that he bought cocaine from Peoples on two occasions.
 
 
 13
 Construing the above evidence and any inferences that might be drawn therefrom in the light most favorable to the Government, there was more than sufficient evidence to support Peoples's conviction.
 
 
 14
 Peoples next contends that the court improperly gave a "flight instruction" to the jury. Jury instructions are reviewed for abuse of discretion. United States v. Park, 421 U.S. 658, 675 (1975). A flight instruction is appropriate when "[t]he chain of inferences leading from evidence of flight to consciousness of guilt ... [leads] to consciousness of guilt of the crime charged." United States v. Porter, 821 F.2d 968, 976 (4th Cir.1987), cert. denied, 485 U.S. 934 (1988). In this case, Peoples's flight was inextricably linked to his desire to hide the contraband and to escape detection by the police. Therefore, the court's instruction in this case was within the bounds of sound discretion.
 
 
 15
 Peoples contends that the district court erred in permitting Straughter to testify concerning his prior drug transactions with Peoples. Peoples claims that such evidence served no valid purpose under Fed.R.Evid. 404(b), while being both unnecessary and highly prejudicial. On appeal, a district court's admission of extrinsic acts evidence may only be overturned for an abuse of discretion. United States v. Mark, 943 F.2d 444, 447 (4th Cir.1991). Rule 404(b) is an "inclusionary rule" that admits all evidence of other crimes relevant to an issue at trial except that which tends to prove only criminal disposition. Id.
 
 
 16
 In this case, Straughter's testimony was relevant to Peoples's intent to distribute. This evidence also helped prove that Peoples's proximity to the crack cocaine was not a mistake. In similar cases, this court has upheld the admission of other crimes evidence. See United States v. Bailey, 990 F.2d 119, 124 (4th Cir.1993) (prior acts of taking bribes admissible to show intent in accepting money); Mark, 943 F.2d at 448 (prior drug transactions admissible to prove that defendant was not an innocent bystander). Accordingly, Straughter's testimony was properly admitted.
 
 
 17
 A defense witness testified that he had a conversation with Straughter in which Straughter directly contradicted his testimony in court. Peoples attempted to enter a tape-recording of this conversation into evidence, but the court sustained the Government's objection on hearsay grounds. Peoples argues that this ruling was error since the tape should have been admitted pursuant to Fed.R.Evid. 803(1), which concerns present sense impressions.
 
 
 18
 The district court's ruling was not error, because the present sense impression exception is inapplicable. Straughter was discussing drug purchases (or lack thereof) with Peoples that allegedly occurred months before the taped conversation. Therefore, it cannot be said that Straughter was "explaining an event or condition ... while ... perceiving the event or condition." Fed.R.Evid. 803(1). In addition, the witness testified as to the substance of the conversation, so any prejudice from the ruling was minimal. Accordingly, the court properly excluded the tape.
 
 
 19
 Peoples argues that the Government, in closing argument, improperly referred to the fact that Peoples refused to give the officer his name after he was arrested and then requested an attorney. Peoples did not object to the Government's argument and therefore, must now show that a clear violation of law occurred and that he was prejudiced thereby. United States v. Olano, 61 U.S.L.W. 4421, 4423-24 (U.S.1993).
 
 
 20
 The Government contends that the disputed statements were not comments on Peoples's silence, but rather assertions to rebut earlier statements by defense counsel that Peoples fully cooperated with the police. We agree, but even if these statements were error, they are clearly within the harmless error standard in light of the overwhelming evidence against Peoples.
 
 
 21
 Peoples contends that the 100-to-1 statutory sentencing ratio for cocaine and cocaine base in Sec. 841 and the corresponding sentencing guidelines denied him equal protection and due process. This contention is without merit. This court has repeatedly affirmed the constitutionality of the sentencing ratio for cocaine and cocaine base against such equal protection and due process challenges. See, e.g., United States v. Jones, 18 F.3d 1145, 1151 (4th Cir.1994); United States v. D'Anjou, 16 F.3d 604, 612 (4th Cir.), cert. denied, 62 U.S.L.W. 3861 (U.S.1994); United States v. Bynum, 3 F.3d 769, 774 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3552 (U.S.1994).
 
 
 22
 Peoples's final challenge is to the $6000 fine. Under 18 U.S.C.A. Sec. 3572(a) (West Supp.1995), a district court is required to consider certain factors--including the defendant's ability to pay--before imposing a fine. Peoples argues that the district court erred by finding that he was able to pay the imposed fine.
 
 
 23
 The district court must make a specific finding of fact that a defendant is able to pay a fine imposed. United States v. Taylor, 984 F.2d 618, 621 (4th Cir.1993). Peoples failed to object to the fine at his sentencing hearing. In any event, the district court did make a specific factual finding about Peoples's financial status. It departed downward from the $12,000 minimum that Peoples was liable to pay under the Sentencing Guidelines. The court then found that Peoples could pay the remaining sum out of his prison earnings at the rate of $50 a month for the term of his imprisonment. In light of these specific findings and the fact that the district court departed downward from the Guidelines, the district court was not in error. Id. at 622.
 
 
 24
 In short, we find no merit to Peoples's contentions on appeal and therefore affirm the judgment of the district court. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED